**SO ORDERED.**
**SIGNED 26th day of May, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**



**Randal S. Mashburn**
**Chief U.S. Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## AT COOKEVILLE

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CENTRO CABINETRY, LLC, | ) | Case No: 2:22-bk-00550 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge Mashburn |
| | ) | |
| | ) | |
| JOHN C. McLEMORE, TRUSTEE[1], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 2:24-ap-90115 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| INTERNAL REVENUE SERVICE, and | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER APPROVING COMPROMISE AND SETTLEMENT

This matter having come for hearing on the motion (the "Motion") filed by Jeanne Ann Burton, Chapter 7 trustee herein ("Trustee"), pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, for an order approving the compromise and settlement of any claims,

---

[1] Jeanne Ann Burton is now serving as the Trustee in this matter since the retirement of John C. McLemore.

including but not limited to claims for contribution, this estate might have against Paul and Kristen LaScola (the "LaScolas"), and approving the compromise and settlement of all claims asserted by the Trustee against the Internal Revenue Service ("IRS") in Adversary Proceeding Number 2:24-ap-90115; due and sufficient notice of the Motion having been given, and no party-in-interest having timely filed a response to the Motion; and the Court being satisfied that the relief herein is appropriate under the circumstances; and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED THAT:

A.  The Trustee, in the proper exercise of her business judgment, determined that the relief afforded herein is in the best interests of the Debtor's creditors.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.  The Motion is granted, and the compromise and settlement described in the Motion is approved pursuant to Bankruptcy Rule 9019.

2.  Within seven (7) days following entry of this Order, the LaScolas shall pay the Trustee $40,000 (the "Payment").

3.  Upon receipt of the Payment, the Trustee shall be deemed to have released and waived any and all claims that the Trustee or this estate might otherwise have against the LaScolas, including but not limited to claims against the LaScolas for contribution.

4.  Upon receipt of the Payment, the Trustee shall convey to the LaScolas any and all interest that the Trustee or this estate have in the following parcels of real property, subject to all liens, claims, and encumbrances, if any, to the same extent, validity, and priority as exists under applicable non-bankruptcy law:

a. House and 1.97 acres, Lot 6, Sunrise Drive, Sparta, Dekalb County, TN (Map 70, Parcel 134.00) (the "House");

b. 4.49 acres, Lot 5, Sunrise Pointe, Sparta, Dekalb County, TN (Map 70, Parcel 133.00) (the "Adjoining Lot"); and

c. .62 acres, Lot 5S, Sunrise Pointe, Sparta, Dekalb County, TN (Map 70, Parcel 141.00) (the "Septic Lot").

5. The Trustee is approved to sell real property described as a Shed and 3.77 acres, Lot 10, Riverwatch Trace, Sparta, Dekalb County, TN (Map 70, Parcel 161.00) (the "Storage Lot") by private sale for an amount not less than $70,000, which shall be accomplished by separate motion to be filed before this Court.

6. The Storage Lot shall be sold to the buyer free and clear of all IRS federal tax liens ; however, the Storage Lot sale shall not be deemed a discharge or release of any liabilities the LaScolas may owe to the IRS under applicable non-bankruptcy law.

7. The Trustee is authorized, after receipt of the Payment from the LaScolas and closing of the Storage Lot sale, to distribute the aggregate $110,000 generated by this settlement as follows: (a) $15,273.54 to priority wage claimants; (b) $40,000 to the IRS; and (c) the remaining amount to approved administrative expenses.

8. The IRS shall apply at least $20,000 of the amount it receives as a result of this settlement to the non-trust-fund portion of taxes owed by Paul LaScola and/or Kristen LaScola.

9. Each party shall bear their own costs and expenses, including attorney's fees.

10. The Court retains jurisdiction to interpret, enforce, and implement this Order.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.

APPROVED FOR ENTRY:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com
*Counsel to Trustee*